IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-HC-2169-D

FRANCIS O. VILLEDA-FUENTES,       )
                                  )
        Petitioner,                )
                                  )
            v.                    )           **ORDER**
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.                )

On June 28, 2018, Francis Oliverio Villeda-Fuentes ("Villeda-Fuentes" or "petitioner"), a federal inmate proceeding pro se, filed a "motion for declaratory relief under 28 USC § 2201, 2202 and in the alternative of an immigration departure of a sentence reduction akin to Smith v. USA 27 F.3d.649 (DC 1994)" [D.E. 1].[1] The clerk filed the motion as a petition for a writ of habeas corpus. The court now conducts a preliminary review pursuant to 28 U.S.C. §§ 1915A and 2243, and Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts, and dismisses the action.

On May 3, 2016, pursuant to a plea agreement, Villeda-Fuentes pleaded guilty in the United States District Court for the Western District of North Carolina to one count of to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and

---

[1] Villeda-Fuentes is incarcerated at Rivers Correctional Institution in Winton, North Carolina ("Rivers"). His petition replicates petitions filed by other Rivers inmates. See, e.g., United States v. Phothisat, No. CR 1:14-00213-CG-N-1, 2019 WL 419322, at *1 (S.D. Ala. Jan. 8, 2019) (unpublished), report and recommendation adopted, 2019 WL 418112 (S.D. Ala. Feb. 1, 2019) (unpublished); United States v. Fernandez, 312 F. Supp. 3d 27, 28 (D.D.C. 2018); Endorsed Order, United States v. Gutzmore, No. 6:97-CR-00103-GKS-DAB, [D.E. 265] (M.D. Fla. Mar. 19, 2018); Moya v. United States, No. DKC 04-0064-17, 2017 WL 1373838, at *2 (D. Md. Apr. 17, 2017) (unpublished).

846. See United States v. Villeda-Fuentes, 690 F. App'x 102, 102 (4th Cir. 2017) (per curiam) (unpublished); Acceptance & Entry of Guilty Plea, United States v. Villeda-Fuentes, No. 3:16-cr-00035-FDW-DCK-2, [D.E. 32] (W.D.N.C. May 13, 2016); Pet. [D.E. 1] 2. On August 30, 2016, the court sentenced Villeda-Fuentes to 92 months' imprisonment. See Judgment, United States v. Villeda-Fuentes, No. 3:16-cr-00035-FDW-DCK-2, [D.E. 56] (W.D.N.C. Aug. 30, 2016).

Villeda-Fuentes is subject to deportation and does not wish to contest that status. See Pet. at 2. However, Villeda-Fuentes contends he "has a statutory right to expedited removal proceedings ... after completion of his sentence imposed by the Honorable Court" without further immigration proceedings. Id. at 2; see id. at 12–14, 17.[2] Villeda-Fuentes is incarcerated at "the privately owned for profit prison ... named Rivers Correctional Institution[,]" where the Bureau of Prisons ("BOP") has "failed to implement the Institutional Hearing Program" ("IHP") pursuant to BOP Program Statement 5111.04. Id. at 3. This program would "ensure deportation proceedings begin as expeditiously as possible after the date of conviction and the proceedings are completed prior to expiration of the alien's sentence." Id. at 4. Villeda-Fuentes notes that his status as an alien "renders him almost certainly ineligible for the benefits of 18 USC §3624(c)[,]" which permits other inmates to spend the final portion of their sentences in re-entry centers or on home confinement. Id. at 10. Villeda-Fuentes also contends that, without an IHP, he will effectively serve an additional six months of detention when the BOP releases him to his immigration detainer. See id. at 16.

Villeda-Fuentes contends that the conditions at Rivers are "very difficult and torturous." Id. at 8. Villeda-Fuentes alleges that the food is of "very poor quality[,]" that inmates receive

---

[2] Villeda-Fuentes's projected release date is October 9, 2022. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number 32651-058) (last visited Mar. 4, 2019); see Pet. at 15.

"inadequate healthcare[,]" there are "very few rehabilitational [sic] programs, and that inmates at Rivers pay significantly higher prices for telephone calls and commissary items. Id. at 8–10. Villeda-Fuentes further contends that "his family is suffering greatly as a result of the incarceration beyond the legal sentence he was given as no lawyer , US Attorney or Court for[e]warned the defendant that he would suffer a fortuitous increase in the severity of his sentence simply because he is a depor[ta]ble alien." Id. at 10–11, 22.

Villeda-Fuentes contends that "[t]he Federal Declaratory Judgment Act provides the Court with considerable options in the creation of remedies." Id. at 14. Villeda-Fuentes suggests a number of remedies, including a "transfer . . . to Immigration Detention" on the date he would become eligible for re-entry release under § 3624(c); a transfer to a prison with an IHP; an order directing the BOP "to complete or expedited defendant's removal proceedings prior to his release date[;]" or a sentencing departure based upon extraordinary family circumstances pursuant to U.S.S.G. §§ 5H1.6 and 5K2.11. Id. at 17–23.

To the extent Villeda-Fuentes seeks transfer to a different prison, prisoners generally do not have a liberty interest in a particular security classification or prison placement. See Hewitt v. Helms, 459 U.S. 460, 467–68 (1983), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Villeda-Fuentes does not plausibly allege that he possesses such a liberty interest. See, e.g., Kalu v. Warden Moshannon Valley Corr. Ctr., 661 F. App'x 780, 785 (3d Cir. 2016) (per curiam) (unpublished); Navarro v. Johnson, No. ED CV 15-2317-SVW(E), 2016 WL 4435724, at *2 (C.D. Cal. Jan. 13, 2016) (unpublished), report and recommendation adopted, 2016 WL 4414769 (C.D. Cal. Aug. 17, 2016) (unpublished); Lahigi v. Benov, No. 1:10-CV-02211-AWI, 2013 WL 552008, at *7–10 (E.D. Cal. Feb. 13, 2013) (unpublished); cf. Gonzalez v. Wells, No. CV 308-014, 2008 WL 4593105, at *4 (S.D. Ga. Oct. 14,

3

2008) (unpublished). Thus, Villeda-Fuentes fails to state a claim.

To the extent Villeda-Fuentes seeks to commence deportation proceedings, this court lacks jurisdiction to award him relief. The Immigration and Nationality Act ("INA") provides in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g); see Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 & n.9 (1999); Duamutef v. INS, 386 F.3d 172, 180–81 (2d Cir. 2004); Chapinski v. Ziglar, 278 F.3d 718, 720 (7th Cir. 2002); Campos v. INS, 62 F.3d 311, 313–14 (9th Cir. 1995). Moreover, "[a] determination of whether the petitioner may stipulate to removal proceedings before an Immigration Judge is within ICE's discretion and INA [section] 242(g) prohibits the district courts from reviewing this determination." Moncayo v. U.S. Immigration & Customs Enf't Agency, No. 08-60858, 2008 WL 5705733, at *2 (S.D. Fla. Nov. 26, 2008) (unpublished). "Thus, a prisoner cannot compel ... ICE, by way of habeas corpus, mandamus or the Administrative Procedure Act, to initiate a removal proceeding." Mejia-Gomez v. DHS/ICE, No. 1:05-cv-5000-JBS, 2006 WL 1098226, at *2 (D.N.J. Mar. 31, 2006) (unpublished) (citations omitted); see Lahigi, 2013 WL 552008, at *10; Amuah v. Napolitano, No. 5:10-HC-2107-FL, 2011 WL 3664711, at *1 (E.D.N.C. Aug. 18, 2011) (unpublished). Rather, "[w]hether the application is fashioned as a habeas action or a petition for mandamus ..., any prisoner's claim petitioning ... ICE for a removal-related action prior to the completion of the prisoner's custodial sentence is unripe and subject to dismissal." Mejia-Gomez, 2006 WL 1098226, at *2. Thus, Villeda-Fuentes's petition fails.

Finally, United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), see Pet. at 1, does not help Villeda-Fuentes. See United States v. Gomez-Jimenez, 750 F.3d 370, 384 n.8 (4th Cir. 2014) (collecting cases); cf. United States v. Beltran-Rengifo, No. 6:14-CR-29-ORL-37DAB-2, 2016 WL 8200518, at *2 n.2 (M.D. Fla. Aug. 3, 2016) (unpublished); Kutsenko v. United States, No. CIV.A. 13-2433 NLH, 2014 WL 3735273, at *1 (D.N.J. July 28, 2014) (unpublished).

In sum, the court DISMISSES Villeda-Fuentes's petition [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This __5__ day of March 2019.

_____
JAMES C. DEVER III
United States District Judge